**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DEMARCO D. BLEDSOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-0328-J |
| | ) |
| MARK SCHLACHTENHAUFEN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this action against Defendant under 42 U.S.C. § 1983, alleging claims under the Fifth and Fourteenth Amendments. The matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings consistent with Title 28 U.S.C. § 636. [Doc. No. 4]. Judge Purcell screened the complaint and has filed a Report and Recommendation (Report) recommending the action be dismissed. [Doc. No. 14]. Plaintiff has filed an objection and an amended objection. [Doc. Nos. 16-17]. The Court therefore reviews the Report *de novo*.

### I. Background

Plaintiff alleges that Defendant, a journalist for the Edmond Sun, wrote an article which included false and malicious information about him. Complaint [Doc. No. 1] at 6-7. The article related to Plaintiff's jury trial for beating a jail guard. *Id*.; Complaint, Ex. 1 [Doc. No. 1-1] at 1-2. The article describes the guard as female, but state court documents indicate the guard was male. *Id.*; Complaint Ex. 2 [Doc. No. 1-2] at 1. Plaintiff argues that the article jeopardized his prospects in the National Football League and also placed him in danger due to "penitentiary politics." Complaint, Ex. 3 [Doc. No. 1-3] at 1-2.

## II. **Standard of Review**

Upon initial review of a complaint filed by a prisoner, the Court is charged with the duty to identify cognizable claims or to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915A(b)(1); 1915(e)(2)(B)(ii).

The Court's initial review of a complaint to determine whether a litigant has stated a claim upon which relief may be granted under these statutes mirrors the review required by Fed. R. Civ. P. 12(b)(6). The Court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. **Analysis**

Judge Purcell recommended dismissal based on the fact that Defendant is not a state actor, as state action is a requirement for suit under 42 U.S.C. § 1983. Judge Purcell's analysis is correct. Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

A plaintiff can therefore only pursue claims under Section 1983 where the individuals acted on behalf of the state.  *See Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) ("liability [under Section 1983] attaches only to those wrongdoers 'who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it.'").  As discussed in the Report, there are situations where private actors are considered state actors based on the nature of the relationship between the actors, state authority, and the factual situations.  *See Whittner v. Banner Health*, 720 F.3d 770, 775-781 (10th Cir. 2013).  But the circumstances in this case do not show any relation between the government and Defendant's actions as a private journalist.  Plaintiff seems to challenge this conclusion in his objection but does not offer any specific arguments as to how Defendant might be considered a state actor.  Because Defendant is not a state actor, Plaintiff cannot maintain a suit against him under 42 U.S.C. § 1983.

## IV.    Conclusion

Based on the discussion above, the Report and Recommendation [Doc. No. 14] is ADOPTED and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 5th day of June, 2020.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE